UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HINTON,

        Plaintiff,                      Case No. 2:18-cv-13155
                                          District Judge Mark A. Goldsmith
v.                                        Magistrate Judge Anthony P. Patti

GENERAL MOTORS
CORP.,

        Defendant.
_____/

## ORDER CONSTRUING PLAINTIFF'S REQUESTS FOR EXTENSION OF TIME TO AMEND HIS RESPONSE TO DEFENDANTS MOTION TO DISMISS/FOR SUMMARY JUDGMENT (DEs 14, 15) AS MOTIONS TO FILE A SUR-REPLY, AND DENYING THOSE MOTIONS

Currently before the Court is Plaintiff Robert Hinton's requests for extension of time to amend his response to Defendant's motion to dismiss, or in the alternative, for summary judgment (DEs 14, 15), which the Court construes as motions to file a sur-reply. For the reasons set forth below, Plaintiff's requested leave is **DENIED**.

## I. BACKGROUND

### A. Procedural background

1

Plaintiff filed his complaint in this matter on October 9, 2018, asserting

claims for "violation of the Americans with Disabilities Act" and for "OSHA

implemented guidelines that I penned to protect injured and disabled persons

(ADA)." (DE 1.) On November 5, 2018, Defendant filed a motion to dismiss or in

the alternative for summary judgment, seeking dismissal of Plaintiff's entire

complaint. (DE 9.) Plaintiff filed a response in opposition on December 17, 2018

(DE 12), and Defendant filed a reply in support of its motion on December 21,

2018 (DE 13). That motion is thus ripe for consideration.

### B. The instant requests

On February 22, 2019, Plaintiff Robert Hinton filed a document titled

"requesting extension of time due to Plaintiff['s] mental and health condition,"

consisting solely of a title page and proof of service, but with no brief or any other

text. (DE 14.) On March 22, Plaintiff filed a "request for extension of time to

amend his response to Defendant[']s request for dismissal." (DE 15.) Plaintiff's

one-paragraph request is less than clear, but he appears to argue that he needs to

amend his response to "use correct **FED[ERAL] RULE OF CIVIL**

**PROCEDURE[.]**" (*Id.* at 2 (emphases in original).) The Court construes these

requests as motions to file a sur-reply.

## II. APPLICABLE LAW

Sur-replies are consistently disfavored by this Court. "As made clear in the

local rules and my practice guidelines, sur-reply briefs are disfavored." *See State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 16-cv-13040, 2018 WL 4927171, *4 (E.D. Mich. Oct. 11, 2018) (citing E.D. Mich. LR 7.1; Practice Guidelines, Motion Practice ("Additional briefing, including sur-replies, will NOT be permitted unless requested by the Court. The Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules.")). Further, "[o]ther courts have consistently stated that '[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Id.* (citing *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012)). The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise new legal arguments or introduce new evidence. *Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481-82 (6th Cir. 2003)).

## III.  ANALYSIS

Plaintiff responded to Defendant's motion to dismiss or for summary judgment with an eight-page response brief and 117 pages of exhibits. (DE 12.) Defendant introduced no new legal arguments and no new evidence in its four-page reply brief reply, but only responded to Plaintiff's opposition brief and

reiterated its original position. (DE 13.) Therefore, Plaintiff has been given notice and a reasonable opportunity to respond to Defendant's motion to dismiss or for summary judgment motion, and it is within the Court's discretion to deny his requested leave to file a sur-reply. *Seay*, 339 F.3d at 481. Even though Plaintiff is a *pro se* litigant, he should not be granted a sur-reply merely because he desires "to have the last word on a matter." *Liberty Legal Foundation*, 875 F. Supp. 2d at 797. Moreover, in the event that the Court has misconstrued Plaintiffs' motions, it is also within the Court's discretion to deny a request to amend a brief which has already been pending for three and a half months, on a motion which is now ripe for decision, particularly on such a vague explanation.

Finally, Plaintiff is cautioned that before filing future motions he must comply with Local Rule 7.1(a), which, among other things, requires him to seek concurrence from opposing counsel prior to filing motions and to so certify to the Court. Specifically, in this district, movants must seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a). To meet this requirement, Local Rule 7.1(a)(2) explains that there must be "a conference between the attorneys, or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought." LR 7.1(a)(2)(A). If a conference was not possible, then the unrepresented

party or counsel for the movant must certify that "despite reasonable effort *specified in the motion or request*, the movant was unable to conduct a conference." LR 7.1(a)(2)(B) (emphasis added). The Court requires meaningful, good faith compliance with this rule.

## IV. CONCLUSION

Therefore, for the reasons set out above, Plaintiff Robert Hinton's requests for extension of time to amend his response to Defendant's motion to dismiss (DEs 14, 15), which the Court construes as motions to file one or more sur-replies, are **DENIED**.

**IT IS SO ORDERED.**

Dated: March 29, 2019                 s/*Anthony P. Patti*
                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 2, 2019, electronically and/or by U.S. Mail.

                                      s/Michael Williams
                                      Case Manager for the
                                      Honorable Anthony P. Patti