UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HINTON,

        Plaintiff,

v.

GENERAL MOTORS CORP.,

        Defendant.

_____/

Case No. 2:18-cv-13155
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

# REPORT AND RECOMMENDATION TO GRANT GENERAL MOTORS LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(a) (DE 9)

**I.   RECOMMENDATION**: The Court should grant General Motors LLC's motion to dismiss Plaintiff's complaint or, in the alternative, for summary judgment. (DE 9.)

**II.   REPORT**

    **A.   Background**

Plaintiff, Robert Hinton, filed his complaint in this action against General Motors Corporation on October 9, 2018 *in pro per*. (DE 1.) According to Defendant, General Motors Corporation filed for bankruptcy on June 1, 2009 and no longer exists, and the new entity is General Motors LLC ("GM LLC"). Plaintiff's active employment with General Motors Corporation started on

September 12, 1977 and ended on April 1, 2005, when he retired with disability. (DE 9 at 10-11; DE 11 ¶¶ 3-4 & Ex. 1.)  Plaintiff was never employed by GM LLC.  (*Id.*)

Plaintiff's complaint asserts two counts: (1) "Violation of the Americans with Disabilities Act (ADA);" and (2) "OSHA implemented guidelines that I penned to protect injured and disabled persons (ADA)."  (DE 1.)  The text of the Complaint is very short (only two pages containing eight paragraphs) and provides very limited factual information and only general, conclusory statements of discrimination.  (*Id.*)  Its introductory paragraphs make unspecified references to "the practice of concealment [through which] GM VIOLATED the Title vii" [sic] of the ADA and "safety issues…." (*Id.* ¶¶ 3,4.)

According to Count I in Plaintiff's complaint, Defendant "fostered an environment that caused [him] to become disable[d]" and "[v]iolated [his] protected rights under healthcare and ADA of Title VII of the American with Disabilities Act." (*Id.* ¶¶ 5, 7.)

In Count II, Plaintiff alleges, *in toto*, that:

Yes, OHSA has implemented the new safety procedures and protocol that I wrote to bring about new changes in reporting injuries. They didn't think I would find out about it, and took It without asking me, nor without consent. After I was disable [sic] I have been fighting not only for my livelihood, but for all working parents cause, the States' and big business was committing insurance fraud and making false statements by denying innocent persons their rightful claim, and causing financial hardship on these individuals because they were not reporting to OHSA as the law so clearly states.

2

(*Id.* ¶ 8.) It is unclear whether this is best construed as a claim for some sort of copyright/intellectual property infringement, for personal injury, for an OSHA violation/retaliation or for fraud/misrepresentation. If the latter, it is clearly not pleaded with the requisite specificity and particularity. *See* Fed. R. Civ. P. 9(b).

The Complaint concludes with a "Statement of Hopeful Claim." Plaintiff also attaches an EEOC "dismissal and notice of rights" letter, dated July 5, 2018. (*Id.* at 11.) No box is checked in the section which explains the EEOC's reason for closing its file.

### B. Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment

On November 5, 2018, Defendant filed a motion to dismiss or, in the alternative, motion for summary judgment. (DE 9.) Defendant argues that Plaintiff's ADA claim is time-barred because he filed this lawsuit more than 90 days after receipt of a right-to-sue (RTS) notification, and in fact more than 13 years after he last worked for General Motors Corporation. (*Id.* at 13-14.) Defendant also argues that the Michigan workers compensation statute provides the exclusive remedy for any claim regarding a workplace injury. (*Id.* at 14.) Defendant further contends that Plaintiff's claims are barred by *res judicata* because he has raised these allegations in two prior lawsuits against General Motors Corporation, brought in 1995 and 2002, and they were both dismissed. (*Id.*

at 14-16.) Finally, Defendant argues that Plaintiff simply fails to state a claim because his "8-paragraph Complaint offers not one single fact – instead, only speculative conclusory sentences." (*Id.* at 16-17.) And, to the extent Plaintiff intends to assert a retaliation claim under OSHA (in Count II of his Complaint), that claim fails because he can only bring that claim before OSHA, and only within 30 days of the alleged retaliation. (*Id.* at 17.)

On December 17, 2018, Plaintiff filed an eight-page response to Defendant's motion, accompanied by 117 pages of Exhibits. (DE 13.) Plaintiff's response does not address the arguments Defendant makes in its motion, but instead is a rambling recitation of alleged incidents dating as far back as 1995, including allegations of "racist behavior," "racist graffiti of gay mans" [sic], injuries on the job, and "defrauding" Plaintiff of "benefits set out by the law under workmen compensation act and federal law (OHSA [sic] Act)." (*Id.*) The response also acknowledges Plaintiff's "respect to the glorious King, God of the Jews Jehovah and our Lord Jesus Christ for his gift of life and his court of law for mankind" and describes Plaintiff's "psychiatric treatment for emotional breakdown (crying out of control)[,]" the "truth of my mental health[,]" [going back to 1998 and 2001] and a "massive cover-up and hatred…." (*Id.* at 1, 2, 4, 49-52.) It seems to further recognize that his previous claims for "fraudulent concealment, insurance fraud…and Perjury" were dismissed by Michigan state courts and administrative

4

tribunals, apparently in the 2006-2009 timeframe. (*Id*. at 4-5, 54-70.) Attachments to the response brief further reveal that this Court dismissed his 1995 pleadings alleging "Discrimination and Labor Violations[,]" assault, and a claim for "Mental & Physical Health" against General Motors Corp. (*Id*. at 15-36) (Case No. 95-72479) (Edmunds, J.).

Defendant filed a reply brief in support of its motion on December 21, 2018. (DE 13.) Defendant states that Plaintiff's response brief fails to address its motion and instead offers only speculative conclusory sentences. Thus, Defendant relies on its arguments in its opening brief.

### C. Standards for Dispositive Motions

Defendant brings this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, motion for summary judgment pursuant to Fed. R. Civ. P. 56(a).

#### 1. Motions to Dismiss (Fed. R. Civ. P. 12)

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

### 2. Motions for Summary Judgment (Fed. R. Civ. P. 56)

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is

properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### 3. *Pro se* Pleadings

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.) (explaining that "to hold otherwise would require the court 'to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'").[1]

---

[1] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's

8

**D.** **Discussion**

    **1.** **Plaintiff's ADA claims are time-barred**

        **a.** **Plaintiff did not file suit within 90 days of his Right to Sue Letter (RTS)**

Count I of Plaintiff's Complaint purports to assert a claim of discrimination in violation of the ADA. Defendant argues that Plaintiff's ADA claims are time-barred. For the reasons set forth below, the Court agrees.

Timely filing a charge of discrimination with the EEOC (or State agency) and subsequently filing a complaint in federal district court in a timely manner are prerequisites to maintaining an ADA action. *See Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000). "A plaintiff seeking relief under the ADA must file suit within ninety days of *receiving* a right-to-sue letter from the EEOC." *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004) (emphasis added). In conformance with this requirement, the RTS notice Plaintiff attached to his Complaint, EEOC Charge No. 425-2018-00960, expressly states: "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice,** or your right to sue based on this charge will be lost." (DE 1 at 8 (emphases in original).) "The Sixth Circuit has resolved that notice is given, and

---

failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of a [RTS] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that time period." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (citing cases); *Fuller v. Michigan Dep't of Transp.*, 580 F. App'x 416, 424 (6th Cir. 2014) (characterizing *Graham-Humphrey's* holding as a "strict presumption"). Thus, a plaintiff "presumptively receives" an RTS letter, and the statute of limitations begins to run, five days after the EEOC mails the letter—unless the plaintiff can rebut the presumption. *Rodney v. LaHood*, 359 F. App'x 634, 637 (6th Cir. 2010). "The federal courts have strictly enforced" the ninety-day time limit. *See Graham-Humphreys*, 209 F.3d at 557.

In this case, Plaintiff attached his EEOC determination to his Complaint. (DE 1 at 8.) That RTS notice states that it was mailed on July 5, 2018. (*Id.*) Under Sixth Circuit law, the 90-day statute of limitations began to run on July 10, 2018, the "presumptive" receipt date. *See Graham-Humphreys*, *supra*. Thus, Plaintiff had to file his Complaint by October 8, 2018 (90 days from July 10, 2018) in order for it to be timely. Plaintiff in fact filed his Complaint in this matter on October 9, 2018. (DE 1.) That is one day late; therefore, Plaintiff's ADA claims

are time-barred. "As many courts have held, 'Title VII's [90] day period applies to pro se plaintiffs, and even one day's delay is fatal to a claim.'" *Hudson v. Genesee Intermediate Sch. Dist.*, No. 13-12050, 2013 WL 6163220, at *4 (E.D. Mich. Nov. 25, 2013) (collecting cases, and dismissing plaintiff's Title VII and ADEA claims filed 92 days after presumptive receipt of RTS notice as untimely); *see also Peete v. Am. Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989) (denying plaintiff's Title VII claims filed one day late as untimely); *Summers v. Walgreen Co.*, No. 15-cv-12836, 2016 WL 1640418, at *3 (E.D. Mich. Apr. 26, 2016) (dismissing plaintiff's ADEA claim filed 91 days after presumptive receipt of EEOC RTS notice as untimely); *see also, Colston v. Boston Mkt. Corp.*, 2018 U.S. Dist. LEXIS 44393 ( E.D. Mich. Feb. 14, 2018) (Patti, M.J.) (case dismissed where filed either 91 or 92 days passed EEOC right to sue letter), *report and recommendation adopted,* 2018 U.S. Dist. LEXIS 44190 ( E.D. Mich. Mar. 19, 2018) (Edmunds, J.).

"Even where a plaintiff misses the filing deadline by only one day, [the Court] will not excuse this failure if other circumstances do not justify equitable tolling." *McKibben v. Hamilton Cty.*, No. 99-3360, 2000 WL 761879, at *3 (6th Cir. May 30, 2000) (noting that "[p]rocedural requirements established by Congress for gaining access to the federal court are not to be disregarded by courts out of vague sympathy for particular litigants.'") (citation omitted). The Sixth Circuit has applied five factors to determine when to equitably toll a statute of

11

limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Graham-Humphreys*, 209 F.3d at 561 (citation omitted).

The EEOC RTS notice makes clear that any lawsuit should be filed within 90 days. (DE 1 at 8.) Plaintiff does not offer anything to rebut the presumptive delivery of the RTS letter or otherwise argue that equitable tolling applies. As explained *supra*, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers*, 595 F.Supp.2d at 766. "[E]ven a pro se litigant, whether a plaintiff or a defendant, is required to follow the law. In particular, a willfully unrepresented plaintiff volitionally assumes the risks and accepts the hazards which accompany self-representation." *Graham-Humphreys*, 209 F.3d at 561 (citing *McNeil v. United States*, 508 U.S. 106 (1993)). Accordingly, because Plaintiff's Complaint was filed 91 days after the presumptive receipt of the RTS letter from the EEOC, his ADA claim (Count I) should be dismissed as untimely.

        **b.**      **Plaintiff did not file a timely charge with the EEOC**

Alternatively, summary judgment should be granted on the basis of Plaintiff's untimely filing of the EEOC charge. As Defendant points out, it has been more than *13 years* since Plaintiff worked for GM Corp. (DE 11 ¶ 4.) Defendant supports this with an unrebutted declaration attesting to the fact that Plaintiff's last date of employment was April 1, 2005. (DE 9-2.) A claimant is required to file a charge of discrimination within, at most, 300 days after the alleged discriminatory act, if initially filing a charge with a State or local agency, such as the Michigan Department of Civil Rights, or otherwise within 180 days if initially filing with the EEOC. *See Branham v. Home Depot U.S.A., Inc.*, 225 F.Supp.2d 762, 766 (E.D. Mich. 2002) (citing 42 U.S.C. § 2000e-5(e)); *see also EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 839 (6th Cir. 1994) ("Timely filing of an EEOC complaint is a prerequisite to a Title VII suit.").

Plaintiff does not state when he filed the charge of discrimination in this case associated with the RTS notice attached to his Complaint. However, the EEOC Charge number assigned to that notice, No. 425-2018-00960, appears to have been filed some time in the year 2018—way more than 300 days after Plaintiff's last date of employment with GM Corp. on April 1, 2005—and therefore the charge of discrimination appears to be untimely on its face. *See Shaw v. Nashville Gas Co.*, No. 99-5958, 2000 WL 1871716 (6th Cir. Dec. 13, 2000) (dismissing lawsuit

13

based on EEOC charge filed over three years after the allegedly discriminatory demotion).

### 2. Plaintiff's complaint fails to state a claim

In addition, Plaintiff's complaint should be dismissed for failure to state a claim. The Court is cognizant of the established principle that courts should liberally construe complaints filed by *pro se* parties, and that they should not hold them to the same stringent standard required of licensed attorneys. *See Haines*, 404 U.S. at 520. Still, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "[A] *pro se* plaintiff must comply with basic pleading requirements," "[m]eaning, a plaintiff still must allege a set of facts that would establish the material elements of a claim." *Evans*, 2011 WL 2936198, at *2 (citing *Twombly*, 550 U.S. at 556). Plaintiff's Complaint does not comply with these basic requirements.

Count I of Plaintiff's Complaint purports to allege a claim pursuant to the ADA. (DE 1.) The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim for relief under the ADA, a plaintiff must plead, among other

14

things, that he is a qualified individual with a disability and that his employer intentionally discriminated against him because of that disability. *Smith v. Ameritech*, 129 F.3d 857, 866 (6th Cir. 1977). The factual allegations in Plaintiff's Complaint are insufficient for the Court to infer the essential elements of a disability claim under the ADA. Specifically, the Complaint fails to allege that Plaintiff is a qualified individual with a disability or that his employer intentionally discriminated against him because of such disability or to even state what that purported disability is. (*See* DE 1.) Instead, Plaintiff's Complaint merely alleges that "GM and its staff fostered an environment that caused [him] to become disable[d]," "GM and OSHA failed to adhere to ADA and U.S. Supreme Court rulings base[d] upon mental/physical health in the workplace," and "[v]iolated [his] protected rights under healthcare and ADA of Title VII of the American with Disabilities Act." (DE 1, ¶¶ 5-7.) These barebone, vague and conclusory allegations are insufficient for the Court to infer the essential elements of a disability discrimination claim under the ADA and to put Defendant on notice of Plaintiff's claims and the grounds upon which they rest. Thus, his ADA claim should be dismissed for failure to state a claim.

Plaintiff alleges in Count II that "OSHA has implemented the new safety procedures and protocol that [he] wrote to bring about new changes in reporting injuries" "without asking [him], nor without consent." (DE 1 ¶ 8.) He further

15

alleges that "the States' [sic] and big business was [sic] committing insurance fraud and making false statements by denying innocent persons their rightful claim, and causing financial hardship on these individuals because they were not reporting to OHSA [sic] as the law so clearly states." (*Id.*) To the extent Plaintiff is attempting to sue Defendant for its alleged violations of OSHA regulations regarding reporting of injuries, such a claim cannot withstand a motion to dismiss. The Sixth Circuit has determined that "there exists no private cause of action for an alleged OSHA violation." *Madigan v. Nabisco Brands, Inc.*, 46 F. App'x 329, 330 (6th Cir. 2002). In addition, if Plaintiff is attempting to allege a cause of action for retaliatory discharge under OSHA, the Court finds that such a claim would similarly fail as a matter of law. *See Taylor v. Brighton Corp.*, 616 F.2d 256, 263 (6th Cir. 1980) (holding that there is no private right of action under OSHA whistleblower-protection provisions); *Akers v. Wal-Mart Stores, Inc.*, No. 4:10-CV-41, 2011 WL 826246, at *3-4 (E.D. Tenn. Mar. 3, 2011) ("The statute does not afford Plaintiff the right to file an independent cause of action … for retaliatory discharge … based on action taken pursuant to the provisions of OSHA. The exclusive remedy available under OSHA is for the Secretary to commence an investigation and a potential lawsuit against the employer."). Thus, any

independent OSHA violation claim fails as a matter of law and should be dismissed with prejudice.[2]

Plaintiff is "the master of his complaint," and thus, the Court looks to the pleadings to define his claims. *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005). The Court cannot reconfigure this pleading so as to create viable or timely causes of action on Plaintiff's behalf. Accordingly, Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim.[3]

### 3. Alternatively, the statute of limitations bars any discernible claim in Count II

Finally, even if Plaintiff had stated a cognizable claim under any of the legal theories to which he loosely alludes in Count II of his Complaint, it is clear that –

---

[2] Plaintiff's response brief also alludes to a civil claim for "perjury[,]" but there is no civil cause of action for perjury. (DE 12 at 1, 2, 5 & 7.) *Harrison v. Conlin*, No. Civ. 14-12490, 2015 WL 1646653, at *3 (E.D. Mich. Apr. 14, 2015) ("There is no private cause of action for perjury in Michigan, or in federal court.") (citations omitted).

[3] Defendant also argues that Plaintiff's Complaint should be dismissed as barred by the Michigan workers compensation statute, and that his claims are precluded by *res judicata* because he previously filed two lawsuits against GM Corp. in June 1995 and October 2002, and both were dismissed with prejudice. (DE 9 at 14-16.) While I agree that under Michigan law, employers are immune from suit for workplace injuries unless the employee can plead and prove the intentional tort exception, Plaintiff's Complaint does not assert a claim under the workers compensation statute. And, while the doctrine of *res judicata* can act to bar re-litigation of issues that were or could have been asserted in a prior action, it is not clear from the limited allegations in Plaintiff's Complaint that he is alleging claims that were or could have been raised in either his 1995 or 2002 lawsuit. Thus, I will not address these arguments further.

in light of the cessation of his employment in 2005 and their apparent connection thereto – all would be barred by the applicable statutes of limitation. Assuming that Michigan and federal law applies, which is a fair assumption in light of the fact that Plaintiff apparently resided and worked in Michigan before moving to Mississippi (see DE 12 at 46, 50-51, 56-59, 63, 75), any claim for copyright infringement (3 years), misappropriation of trade secrets (3 years), personal injury (3 years), or for fraud/misrepresentation (6 years) would be untimely. *See Tippins v. NWI-1, Inc.*, No. 16-2630, 2017 WL 5664901, at *1 (6th Cir. Oct. 11, 2017) ("Pursuant to Michigan law there is a three-year statute of limitations for personal injury claims," citing MCL § 600.5805(10)); *Baker Hughes, Inc. v. S & S Chemical, LLC*, 63 F.Supp.3d 762, 768-69 (W.D. Mich. 2014) (misappropriation of trade secrets under Michigan law is subject to a three-year limitations period, citing MCL § 445.1907); *Design Basics, LLC v. Chelsea Lumbar Co.*, 977 F.Supp.2d 714, 723 (E.D. Mich. 2013) (a claim for copyright infringement is subject to a three-year statute of limitations, citing 17 U.S.C. § 507(b)); *Miller v. Pathway Fin., Assured Capital Funding*, No. 12-14387, 2013 WL 1821252, at *3 (E.D. Mich. Apr. 30, 2013) ("The statute of limitations for fraud and misrepresentation claims in Michigan is six years.") (citing MCL § 600.5813).

### E. Conclusion

For the reasons stated herein, it is recommended that the Court **GRANT** Defendant's motion to dismiss or, in the alternative, motion for summary judgment (DE 9), and **DISMISS** Plaintiff's claims against Defendant **with prejudice.**

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 22, 2019
        s/*Anthony P. Patti*
        Anthony P. Patti
        UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 22, 2019, electronically and/or by U.S. Mail.

        s/Michael Williams
        Case Manager for the
        Honorable Anthony P. Patti