UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HINTON,

    Plaintiff,

v.

Case No. 18-13155

HON. MARK A. GOLDSMITH

GENERAL MOTORS CORP.,

    Defendant.

_____/

**OPINION & ORDER
(1) ACCEPTING IN PART THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED APRIL 22, 2019 (Dkt. 17), (2) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS (Dkt. 20), AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT (Dkt. 9)**

Plaintiff Robert Hinton, proceeding pro se, filed this Americans with Disabilities Act ("ADA") action against Defendant General Motors Corporation ("GM"). The matter was referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings. See Order of Referral (Dkt. 4). GM filed a motion to dismiss, or in the alternative, for summary judgment (Dkt. 9). On April 22, 2019, the magistrate judge issued a Report and Recommendation ("R&R") (Dkt. 17) recommending granting GM's motion. Hinton filed timely objections (Dkt. 20), and GM filed responses to the objections (Dkt. 21). For the reasons that follow, the Court accepts the magistrate judge's R&R in part and dismisses this case with prejudice.

### I.    BACKGROUND

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full. In brief summary, Hinton worked for GM from September 12, 1977 to April 1, 2005. He filed charges with the Equal Employment Opportunity Commission

1

("EEOC") sometime in 2018. See Compl. at PageID.8 (Dkt. 1). The EEOC sent him a dismissal of his charges and a right-to-sue ("RTS") letter on July 5, 2018. Id. Thereafter, Hinton filed the current complaint on October 9, 2018—more than thirteen years after he last worked for GM. Hinton's eight-paragraph complaint alleges two causes of action: (1) "Violation of the Americans with Disabilities Act (ADA);" and (2) "OSHA implemented guidelines that I penned to protect injured and disabled persons (ADA)." Id. at PageID.1-2.

Hinton alleges that he is a person with a disability within the meaning of the ADA and that "through the practice of concealment GM VIOLATED the Title [VII] of the Americans with DISABILITES ACT (SEE EXHIBIT 2)." Compl. ¶ 3. Exhibit 2 is the RTS letter and provides no details about Hinton's claims. Under his first count, Hinton alleges the following:

> GM and its staff fostered an environment that caused [Hinton] to become disable[d].
>
> GM and O[SH]A fail[ed] to adhere to ADA and U.S. Supreme Court rulings base[d] upon mental/physical health in the workplace.
>
> Violated Plaintiff['s] protected rights under healthcare and ADA of Title VII of the American[s] with Disabilities Act.

Id. ¶¶ 5-7. Under his second count, Hinton alleges the following:

> Yes, O[SH]A has implemented the new safety procedures and protocol that I wrote to bring about new changes in reporting injuries. They didn't think I would find out about it, and took [i]t without asking me, nor without consent. After I was disable[d,] I have been fighting not only for my livelihood, but for all working parents cause, the States' and big business was committing insurance fraud and making false statements by denying innocent persons their rightful claim, and causing financial hardship on these individuals because they were not reporting to O[SH]A as the law so clearly states.

Id. ¶ 8.

## II. STANDARD OF DECISION

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166

2

(6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.").

### III. ANALYSIS

The magistrate judge found Hinton's complaint deficient for three independent reasons. First, he found that Hinton did not file this action within ninety days of receiving his RTS letter from the EEOC; second, he found that Hinton did not file a timely charge with the EEOC; and finally, he found that Hinton's complaint fails to state a claim. Hinton makes five objections to the R&R, but only the first and third objections are specific enough for this Court to review. Objections two, four, and five are either indecipherable or not made with enough specificity to warrant consideration.

**A. Objection One**

In Hinton's first objection, he argues that the magistrate judge erred by finding that his claims were time-barred by failing to file this action within ninety days of receiving his RTS letter. Obj. at 2. The Court agrees.

A plaintiff seeking to bring employment-discrimination claims under the ADA must first exhaust administrative remedies, and failure to exhaust properly is an appropriate basis for dismissal of an ADA action. Mayers v. Sedgwick Claims Mgmt. Servs., Inc., 101 F. App'x 591, 593 (6th Cir. 2004) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). To meet the exhaustion requirement, a plaintiff must receive an RTS letter from the EEOC and then file suit within ninety days after receiving the letter. Id. The magistrate judge calculated correctly that Hinton was

required to file his complaint by October 8, 2018. R&R at 10. Because Hinton did not file his complaint until October 9, 2018, one day late, the magistrate judge found that Hinton's complaint was untimely. However, October 8, 2018 was Columbus Day, a federal holiday, and the Court was closed. In such cases, a complaint is timely if, as here, it is filed on the "next day" the Court is open. Fed. R. Civ. P. 6(a)(3)(A) and 6(a)(5).[1] Therefore, Hinton's complaint is not defective for failing to file it within ninety days of receiving his RTS letter. Hinton's first objection is sustained.

**B. Objection Three**

In Hinton's third objection, he argues that the magistrate judge erred by not allowing him to "amend [his] case." Obj. at 3. It is not clear from his objection whether Hinton was seeking to amend the complaint or some other document. Review of the docket shows that Hinton made a request for an extension of time to amend his response to GM's motion (Dkts. 14-15). The magistrate judge construed the request as one to either file a sur-reply to GM's motion or amend Hinton's response brief (Dkt. 16). The magistrate judge denied Hinton's request, explaining that neither filing a sur-reply nor amending a brief that had been pending for three months was warranted. The magistrate judge also noted that Hinton did not seek concurrence from opposing counsel before filing his request. In his objection, Hinton does not explain why the magistrate's decision was erroneous or adversely impacted this case, and it is not obvious to the Court. Therefore, Hinton's third objection is overruled.

Hinton does not file objections to any other portion of the magistrate judge's R&R, including the conclusions that Hinton's complaint fails to state a claim and that his claims are untimely because he has not worked for GM since April 2005. "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the

---

[1] In his objection, Hinton mistakenly identifies the national holiday as occurring on October 7 and that his filing date was October 8. This misstatement is not fatal to Hinton's argument.

point." Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003); see also Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error within the remainder of the R&R and accepts the recommendation.

### IV. CONCLUSION

For the reasons stated above, the recommendation contained in the magistrate judge's R&R (Dkt. 17) is accepted in part, Hinton's objections are sustained in part and overruled in part (Dkt. 20), and Defendant's motion to dismiss or, in the alternative, for summary judgment (Dkt. 9) is granted. This case is dismissed with prejudice.

SO ORDERED.

Dated: September 6, 2019　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge